# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES BONNEAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3336** |
| **F&S MARINE, INC.** | **SECTION "J" (3)** |

On this date, defendant's Motion to Quash Subpoena and/or for Protective Order [Doc. #29] came on for hearing before the undersigned Magistrate Judge. Present were Frank Lamothe for plaintiff and Michael McMahon for defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the parties' memoranda, the applicable case law and the parties' oral arguments, the Court rules as follows.

## I.  Background and Parties' Contentions

This is a Jones Act suit. Defendant employed plaintiff on the tugboat M/V FAITH. On January 21, 2007, plaintiff, in the course and scope of his employment, allegedly suffered injuries proximately caused by the negligence of defendant.

Immediately after the accident, defendant contends that it was rumored that plaintiff had hired an attorney. On February 6, 2007, the rumor proved true, when defendant received a letter from a firm that informed it that the firm no longer represented plaintiff. As soon as defendant suspected that plaintiff had retained counsel, defendant, through its insurance agent, notified

Optimum Claim Services, Inc. that an investigation should occur. Optimum retained Robert Judge, with R.L. Judge & Associates, L.L.C., to investigate the accident.

Bonneau now seeks Judge's deposition and propounded a subpoena for documents on him.[1] Specifically, defendant objects to the production of (1) a complete copy of the entire file regarding plaintiff; (2) all documents and information provided by Judge to defendant; and (3) all documents gathered by Judge relating to plaintiff. Defendant does not object to the production of surveillance records, reports, photographs and videotapes of plaintiff, or documents related to the payment of maintenance and cure, or records from healthcare providers, most of which have been produced.

Defendant argues that many of the documents sought above are protected by the work-product doctrine. Defendant argues that it does not matter that Judge is not an attorney because the doctrine protects those documents prepared by a party's agent. Defendant also contends that the documents were prepared in anticipation of litigation: Judge was hired within days of the incident and after defendant believed plaintiff had retained counsel. Defendant submitted the documents to the Court for *in camera* review.

Plaintiff contends that he is entitled to the documents to determine the basis for defendant's refusal to pay maintenance and cure. Plaintiff notes that he believes Judge is the person responsible for the decision not to pay such benefits. Plaintiff argues that Judge's work constituted a routine investigation of a claim and is therefore not protected by the work-product doctrine.

Plaintiff maintains that the privilege log is woefully inadequate. At a minimum, he argues, defendant should be required to produce a privilege log that complies with Federal Rule of Civil

---

[1] The deposition is currently scheduled on Monday, March 29, 2010.

Procedure 26.  Plaintiff notes that a court may deem a privilege waived if the privilege log is inadequate.

Citing case law, plaintiff argues that materials prepared in the ordinary course of business are excluded from protection under the doctrine.  An insurer's evaluation of a routine claim is not necessarily undertaken in anticipation of litigation.  Citing case law from this circuit, plaintiff notes that courts here routinely find that the primary motivating force behind the creation of an insurance investigator's files is not in anticipation of litigation.

**II.     Analysis**

The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation.  *Blockbuster Entm't Corp. v. McComb Video, Inc.*, 145 F.R.D. 402, 403 (M.D. La. 1992).  It protects two categories of materials: ordinary work-product and opinion work product.  *Snowden v. Connaught Lab. Inc.*, 137 F.R.D. 325, 330-32 (D. Kan. 1991); *see generally Upjohn Co. v. United States*, 449 U.S. 383, 400-02 (1981).

However, the work-product doctrine is not an umbrella that shades all materials prepared by a lawyer or agent of the client.  It focuses only on materials assembled and brought into being in anticipation of litigation.  Excluded from the work-product doctrine are materials assembled in the ordinary course of business.  *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982).  It also does not extend to the underlying facts relevant to the litigation.  *See generally Upjohn*, 449 U.S. at 395-96.

To determine whether a document was made in anticipation of litigation, the primary focus of the Court's analysis is the reason or purpose for creating the document.  *Beal v. Treasure Chest*

*Casino,* No. 98-0786, 1999 WL 461970, at *3 (E.D. La. July 1, 1999). Moreover, the burden of showing that documents were prepared in anticipation of litigation, and therefore constitute work product, falls on the party seeking to protect the documents from discovery. *St. James Stevedoring Co., Inc. v. Femco Machine Co.,* 173 F.R.D. 431, 432 (E .D. La. 1997).

The fact that a defendant anticipates litigation resulting from an incident does not automatically insulate investigative reports and the like from discovery as work-product. *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000). "If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation." *Electronic Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, at *5 (N.D. Tex. Jul9, 2003). "The mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable [sic] in civil pre-trial discovery." *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983) (quoting *Janicker by Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982). As one court has observed:

> Following any industrial accident, it can be expected that designated personnel will conduct investigations, not only out of a concern for future litigation, but also to prevent reoccurrences, to improve safety and efficiency in the facility, and to respond to regulatory obligations. Determining the driving force behind the preparation of each requested document is therefore required in resolving a work product immunity question.

*Nat'l Union*, 967 F.2d at 984; *see also Wikel*, 197 F.R.D. at 495. The Court now turns to an analysis

of the documents and whether they should be shielded from discovery pursuant to the work-product doctrine.

As noted above, plaintiff's main argument here is that the documents were prepared in the ordinary course of business -- investigating an accident -- and therefore do not constitute work product. Plaintiff cites to case law from this district to support his argument. *See Holton v. S & W Marine, Inc.*, No. Civ. A. 00-1427, 2000 WL 1693667 (E.D. La. Nov. 9, 2000). In this case and the others like it, the courts held that statements taken in the ordinary course of investigating an accident were not protected by the work-product doctrine.

Notwithstanding the case law to which plaintiff cites, the Court finds that the statements here are protected by the work-product doctrine. The Court finds inapposite the case law to which plaintiff cites. In *Holton*, for example, "the facts [did] not point to inevitable litigation or even that the defendants were paying specific attention to prospective litigation when [the captain's] statement was taken." 2000 WL 1693667, at *3.

There can be no true dispute here that the majority of the documents here were created in anticipation of litigation. Defendant believed the rumor that plaintiff had retained counsel shortly after the accident. The rumor was confirmed when defendant received a letter from a law firm that informed defendant that the law firm no longer represented plaintiff. The Court finds that defendant has satisfied its burden to demonstrate that the primary purpose behind the creation of the majority of the documents was the threat of litigation by plaintiff. Indeed, the Court's *in camera* review of the documents supports this finding.

Because the work-product doctrine shields the documents from production, plaintiff must

5

demonstrate the substantial need and the undue hardship necessary for discovery of work product. Fed. R. Civ. P. 26(b)(3). Plaintiff has not met this burden. (Indeed, plaintiff has not even addressed this burden.)

Notwithstanding this finding, the Court finds that some of the documents are not shielded from production by the work-product doctrine. Specifically, and for the following reason, the Court orders production of:

**Exhibit 1, pp. 1-7 and 10-11**: Correspondence between parties about the rumor that plaintiff had retained counsel, the underlying facts of the accident, medical reports on plaintiff's condition and Bonneau's written statement after the accident. These documents reflect the underlying facts of the litigation. In addition, defendant does not object to the production of medical records. **Pages 8 and 9 are protected by the work-product doctrine.**

**Exhibit 2**: Surveillance records. Defendant does not object to their production.

**Exhibit 3**: Correspondence reflecting that plaintiff may have retained counsel. This is only an underlying fact.

**Exhibit 14**: Contains no work product. Correspondence merely asking Judge to forward a list of expenditures made by the assured.

**Exhibit 17**: Same document as Exhibit 14.

**Exhibit 20**: A facsimile cover sheet from Judge re: payment for his services. Documents that reflect payments and fees are protected only when they contain work product. *See Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 n.9 (E.D. La. 1996) (and cases cited therein). That is not the case here.

**Exhibit 21**: Letter from Judge to defendant threatening lawsuit if fees aren't paid with bill attached. Documents that reflect payments and fees are protected only when they contain work product. *See Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 n.9 (E.D. La. 1996) (and cases cited therein). That is not the case here.

**Exhibit 22**: Correspondence to Optimum Claims Service, Inc. re: payment for Judge's services. Documents that reflect payments and fees are protected only when they contain work product. *See Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 n.9 (E.D. La. 1996) (and cases cited therein). That is not the case here.

## III. Conclusion

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART defendant's Motion to Quash Subpoena and/or for Protective Order [Doc. #29] as outlined above. The Court orders production of the aforementioned documents **no later than Friday, March 26, 2010** (the Friday before the Monday deposition).

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**